Mathew K. Higbee, Esq., SBN 11158
HIGBEE & ASSOCIATES
6787 W. Tropicana Ave., Suite 206
Las Vegas, NV 89103
(714) 617-8325
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com

Attorney for Plaintiff,
MICHAEL GRECCO PRODUCTIONS, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. d/b/a MICHAEL GRECCO PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MONICA DODGE aka ANICA MARTIN d/b/a fashionilluminati.com; DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 2:17-cv-02313-JCM-NJK <br><br> **NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; DECLARATION OF MATHEW K. HIGBEE AND RYAN E. CARREON IN SUPPORT THEREOF** <br><br> **Filed and Served Concurrently:** <br><br> 1. [Proposed] Default Judgment <br><br> Complaint Filed: September 1, 2017 <br><br> Default Entered: November 1, 2017 |

Plaintiff MICHAEL GRECCO PRODUCTIONS, INC. d/b/a MICHAEL

GRECCO PHOTOHRAPHY, INC. ("Plaintiff"), by and through its undersigned

1

counsel, hereby submits this Motion for Default Judgment against Defendant

MONICA DODGE ("Defendant") pursuant to Fed. R. Civ. P. 55.

Plaintiff requests the following relief:

1.     A permanent injunction, pursuant to 17 U.S.C. §502, restricting Defendant and its agents, servants, employees, attorneys, successors, licensees, partners, assigns, and all those acting directly or indirectly in concert or participation with any of them, from infringing, by any means and inducing copyright infringement by any means of the exclusive rights of Plaintiff and its affiliates, under the Copyright Act, including but not limited to direct copyright infringement, inducement to infringe copyrights, contributory copyright infringement, and vicarious copyright infringement.

2.     An award to Plaintiff in the sum of $48,069.95, constituting (a) statutory damages provided by the Copyright Act, 17 U.S.C. § 504, for the infringements alleged in the Complaint, totaling $45,000; (b) attorneys' fees totaling $2,500; (c) costs of suit totaling $569.96; and (d) post-judgment interest at .70% per annum pursuant to 28 U.S.C. § 1961.

This Motion is brought on the grounds that entry of default judgment is

appropriate in this case because: (1) Plaintiff has satisfied the procedural

requirements of Federal Rule of Civil Procedure 55(b)(2), (2) Plaintiff would

suffer prejudice if default judgment is not entered because it would be denied the

right to judicial resolution of its claims, (3) the Complaint sets for prima facie

claims showing that Defendant is liable for copyright infringement, (4) Plaintiff

seeks $45,000 in statutory damages under the Copyright Act, which constitutes a

reasonable award in light of Defendant's willful and brazen infringement, (5) there

is no possibility of dispute regarding the material facts of the case, and (6)

Defendant's default did not result from excusable neglect, because inter alia,

2

Defendant had adequate and ample notice of lawsuit and its obligation to defend itself.

Notice of this Motion was served on Defendant by mailing a copy to her residence. Declaration of Mathew K. Higbee ("Higbee Decl.") ¶ 13.

Defendant is not a minor or incompetent person or in military service or otherwise exempted under the Servicemembers Civil Relief Act of 1940. Higbee Decl. ¶¶ 11-12.

This Motion is based on this Notice of Motion and Motion for Default Judgment, the attached memorandum of points and authorities, the declaration of Mathew K. Higbee in support, and the pleadings, files and other materials that are on file with the Court or may be presented at the hearing.

Dated: November 2, 2017                    Respectfully submitted,

                                           **/s/ Mathew K. Higbee**
                                           Mathew K. Higbee, Esq.
                                           Nevada Bar No. 11158
                                           HIGBEE & ASSOCIATES
                                           6787 W. Tropicana Ave., Suite 206
                                           Las Vegas, NV 89103
                                           (714) 617-8325
                                           (714) 597-6729 facsimile
                                           *Counsel for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

I.          INTRODUCTION

This is a copyright infringement lawsuit arising from Defendant Monica Dodge's ("Defendant") unauthorized use of a photo owned by Plaintiff Michael Grecco Productions, Inc. ("Plaintiff").

Plaintiff is a professional media and photography company run by acclaimed photographer Michael Grecco ("Grecco"). Grecco, is an award-winning commercial photographer and film director noted for his iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for such companies such as NBC/Universal, GE, Pfizer, HBO, Kodak, ABC, IBM, Yahoo!, ESPN, Wired, Time, Entertainment Weekly, Esquire, Premier, and MAXIM.

Plaintiff is the owner and exclusive rights holder to a photo of Cher taken at the 1988 Academy Awards ("Image"). *See* Dkt #1 ¶ 8, Exhibit A. Due to the high quality and limited availability of Grecco's works, Plaintiff routinely licenses and/or sells individual photographs for thousands of dollars. *Id.* at ¶ 12. Indeed, Plaintiff offers a three-year web editorial worldwide promotional license for the Image for $13,296. Higbee Decl. ¶ 16, Exhibit B.

Defendant is the owner and operator of the website www.fashionilluminati.com, a website which earns advertising revenue by driving Internet traffic through fashion oriented content posted by Defendant. On or about

4

June 13, 2017, Plaintiff discovered that Defendant used the Image in an attempt to drive traffic to Defendant's website. See Dkt. #1, Exhibit B.

On or about September 1, 2017, Plaintiff filed a Complaint against Defendant (Dkt. #1) alleging willful Copyright infringement of Plaintiff's Images, and requesting an injunction, statutory damages, and attorneys' fees and costs.

On or about October 9, 2017, Defendant was personally served with the Complaint at her residence, and an executed proof of service was filed with the Court shortly thereafter. See Dkt. #7; Higbee Decl. ¶ 8.

On or about September 11, 2017, Plaintiff's counsel sent a courtesy copy of the Complaint to Defendant via email. Carreon Decl. ¶ 4, Exhibit C. On or about October 11, 2017, Plaintiff's counsel sent a second follow-up email reminding Defendant of the impending deadline to answer, and warning Defendant that default would be requested if Defendant failed to respond. *Ibid.*

On or about October 17, 2017, Defendant called Plaintiff's counsel's office and stated that a process server had showed up to her condo to deliver legal papers, and that she wished to discuss the case. Carreon Decl. ¶ 5. When asked where she took the Image from to use on her website, Defendant stated that she "pulled the photo off of Google Images." Carreon Decl. ¶ 6. When Plaintiff's counsel pointed out that all images results on Google bear the disclaimer "images may be subject to copyright," Defendant stated that she was "going to hire a lawyer" unless the case

5

was dismissed. Carreon Decl. ¶¶ 6-7. Defendant also offered to provide website analytics information concerning her advertising revenue. Carreon Decl. ¶ 8. After the conversation, Plaintiff's counsel sent a follow up email. Carreon Decl. ¶ 9, Exhibit D.

On or about, October 31, 2017, Plaintiff's counsel filed a Request for Entry of Default (Dkt. #8), and the clerk entered default against Defendant on November 13, 2017 (Dkt. #9). Higbee Decl. ¶¶ 9-10.

## II.   PLAINTIFF IS ENTITLED TO ITS REQUESTED RELIEF

In addition to the applicable procedural requirements, a court's decision to grant default judgment is guided by a list of seven factors known as the *Eitel* factors. *See Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir. 1986); *see also Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1071-1073 (C.D. Cal. 2004) (granting default judgment based on *Eitel* factors). While the decision to grant a default judgment is left to the discretion of the Court, "default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.,* 189 F.R.D. 431, 432 (C.D. Cal. 1999).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Tele Video Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987). While a plaintiff must "prove

6

up" damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entm't Group Inc. v. Bryant,* No. CV 03-6381GAF (JTLX), 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004).

Plaintiff has satisfied the procedural requirements of the Federal Rules, and the *Eitel* factors weigh in favor of entering default judgment.

## A.    The Procedural Requirements For Default Judgment Are Satisfied

The requirements of Federal Rule of Civil Procedure 55(b)(2) plainly have been met. On September 19, 2017, Plaintiff personally served the summons and Complaint on Defendant at her residence. See Dkt. #7. On October 30, 2017, the Clerk entered Defendant's default as to the Complaint. Dkt. #9. Defendant is not an infant or an incompetent person. Higbee Decl. ¶ 11. The Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply. Higbee Decl. ¶ 12. Plaintiff timely notified Defendant of this Motion for Default Judgment. Higbee Decl. ¶ 13.

## B.    The Allegations of the Complaint, Taken as True, Establish Defendant's Liability for Copyright Infringement

As noted, after the entry of default, the factual allegations of the complaint are taken as true. *Heidenthal,* 826 F.2d at 917-18.

To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340,

361 (1991). The second element requires a plaintiff to allege that "the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

To satisfy the first element to allege ownership of a valid copyright, the Complaint states that Plaintiff took the original Images, that Plaintiff has ownership and copyright of the Images, and that the Images were timely registered with the Copyright Office. *See* Dkt #1 ¶¶ 13-15, Exhibit A to the Complaint.

To satisfy the second element Plaintiff alleges that Defendant "used the Image on Defendant's commercial website" and that Defendant's "use of the Images was deliberate and willful" and attached a copy of both the original Images and the Images reproduced by Defendant, which appear nearly identical. *See* Dkt #1 ¶¶ 17, 21; Exhibits A and B to the Complaint; *see also Baxter v. MCA, Inc.*, 812 F.2d 421, 423-24 (9th Cir. 1987) ("Absent evidence of access, a 'striking similarity' between the works may give rise to a permissible inference of copying.")

Thus, Plaintiff's Complaint pleads facts sufficient, as a matter of law, to establish that Defendant is liable for willful copyright infringement.

## C.    The *Eitel* Factors Warrant Entry of Default Judgment

As previously discussed, a court's decision to grant default judgment is

guided by seven factors. *See Eitel,* 782 F.2d at 1471-1472.

*(1) Possibility of Prejudice:* The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Eitel,* 782 F.2d at 1471-72. Prejudice exists where, absent entry of a default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery. *See Elektra Entm't Group Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005); *Bryant,* 2004 WL 783123, at *3. Without a default judgment, Plaintiff would be deprived of the right to judicial resolution of its claims for copyright infringement, and Defendant will have profited from its willful infringement.

*(2) Merits of Claim and (3) Sufficiency of Complaint:* The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). As set forth above, Plaintiff has sufficiently stated its claim for relief.

*(4) Amount at Stake* Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. For each work infringed, the Copyright Act permits the copyright owner to recover statutory damages in an amount between $750 and $30,000. 17 U.S.C. § 504(c)(1). And, where the infringement was willful, the award rises to $150,000 per infringement. 17 U.S.C.

9

§ 504(c)(2). As the prevailing party, Plaintiff also is entitled to its reasonable attorneys' fees. 17 U.S.C. § 505; *see Twentieth Century Fox Film Corp. v. Streeter,* 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) (plaintiff securing default judgment is "prevailing party"). As a result of Defendant's unlawful conduct, Plaintiff prayed for injunctive relief, statutory damages, and reasonable attorneys' fees and costs. Because Defendant's conduct was willful (as discussed in more detail *infra* at Section III (B)), Plaintiff is entitled to seek up to $150,000 per work infringed, but has instead requested the substantially lower amount of $45,000. *See* Higbee Decl. ¶¶14-17. These requested damages are manifestly reasonable.

*(5) Possibility of Dispute Regarding Material Facts:* The fifth *Eitel* factor requires the Court to consider the possibility of a dispute as to a material fact. *Eitel,* 782 F.2d at 1471-72. As a threshold matter, there is no possible dispute concerning the material facts because the factual allegations of Plaintiff's Complaint are taken as true. *Marcelos v. Dominguez,* No. C 08-00056 WHA, 2009 WL 230033, at *4 (N.D. Cal. Jan. 29, 2009). In any event, the facts alleged in the Complaint are straightforward, confirmed by Plaintiff's investigation, Defendant's statements to Plaintiff's counsel, and the screenshots attached to the Complaint, and are not subject to reasonable dispute.

*(6) Possibility of Excusable Neglect:* Under the sixth *Eitel* factor, the Court considers whether Defendant's default resulted from excusable neglect. *Eitel,* 782

F.2d at 1471-72. Defendant failed to answer or file a responsive pleading despite *repeated* notice of this action and her infringing conduct. *See* Higbee Decl. ¶¶ 8-10; Carreon Decl. ¶¶4-9, Exhibits C and D. Defendant's conduct is not excusable, because it was served with process, and directly communicated with Plaintiff's counsel indicating that Defendant was well aware of the lawsuit and the need to possibly retain counsel. *Ibid*; *see Meadows v. Dom. Rep.,* 817 F.2d 517, 521 (9th Cir. 1987) ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer."); *Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (when properly served with complaint and notice of entry of default defendant's default not attributable to excusable neglect).

*(7) Policy for Deciding Case on the Merits:* The final *Eitel* factor considers the preference for deciding cases on the merits. *Eitel* 782 F.2d at 1471-72. "However, this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Caridi,* 346 F. Supp. 2d at 1073. Here, the only reason this lawsuit cannot proceed to the merits is because Defendant, after repeated notice**,** failed to appear and defend this action.

In sum, the balance of *Eitel* factors weigh in Plaintiff's favor, and the Court should grant this motion and enter default judgment against Defendant.

/ / /

11

III.         PLAINTIFF'S REQUESTED RELIEF IS APPROPRIATE

A.      **Plaintiff is Entitled to a Permanent Injunction**

Plaintiff seeks permanent injunctive relief under 17 U.S.C. § 502(a). For a court to grant a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 55 U.S. 7, 20 (2008). A presumption of irreparable harm in copyright cases is no longer applicable. *Id.* at 1000.

Here, Plaintiff has shown actual success on the merits through default. Plaintiff is likely to suffer irreparable harm as Plaintiff suffers diminished market value of his Image and loss of licensing fees as a result of Defendant's infringement. Furthermore, the public interest is not unduly burdened. Therefore, Plaintiff is entitled to permanent injunctive relief.

B.      **Plaintiff is Entitled to an Award of Statutory Damages**

Section 504(c)(1) of the Copyright Act provides that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work ... in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If,

as here, the infringement is willful, the award may be increased to $150,000 for each work infringed. 17 U.S.C. § 504(c)(2).

"Under the current Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available." 4 *Nimmer,* § 14.04[A], at 14-66; *see also Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.,* 259 F.3d 1186, 1194 (9th Cir. 2001), ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits."); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir. 1998) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement").

Willfulness is indisputable because the Complaint's pleaded allegation of willfulness is conclusively deemed true upon default. *See Rodgers v. Anderson,* No. 04CIV1149 RJHAJP, 2005 WL 950021, *3 (S.D.N.Y. Apr. 26, 2005) ("In this case, defendants have defaulted and by virtue of their default, are deemed to be

willful infringers."); *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (since plaintiff "alleged (and, by virtue of the entry of default, proved) willful infringement by [defendant], [plaintiff] is entitled to received [sic] enhanced statutory damages in an amount not to exceed $150,000" per infringement).

An award may be in such amount "as the court considers just." 17 U.S.C. § 504(c)(1); see *Lauratex Textile Corp. v. Allton Knitting Mills*, 519 F. Supp. 730 (S.D.N.Y. 1981), (holding that defendant's profits ($5,177) would "provide a basis for examining an appropriate amount of statutory damages," but in view of defendant's willfulness, awarded statutory damages of $40,000); *International Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652, 659 (N.D. Ill. 1987), aff'd, 855 F. 2d 375 (7th Cir. 1988) (awarding plaintiff three times amount it would have charged for consensual license, given that "defendants must not be able to sneer in the face of copyright owners"); *see also Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) (finding that reckless disregard of copyright holder's rights may constitute willfulness).

Plaintiff seeks a statutory damages award of $45,000 representing approximately three times the licensing fee for the Image, for Defendant's willful infringement. Higbee Decl. ¶¶ 14-17, Exhibit B.

/ / /

14

### C.      Plaintiff is Entitled to Reasonable Fees and Costs

As the "prevailing party," Plaintiff is entitled to an award of attorneys' fees and "full costs." 17 U.S.C. § 505; *see Streeter,* 438 F. Supp. 2d at 1074 (plaintiff securing default judgment is "prevailing party"). Plaintiff is entitled to an award of attorneys' fees in the amount of $2,500. *See* Higbee Decl. ¶¶ 18-19. Plaintiff also seeks costs of $569.95. *See* Higbee Decl. ¶ 25.

### IV.      CONCLUSION

For all of the reasons set forth above, Plaintiff Michael Grecco Productions, Inc. respectfully requests that it be awarded a total of $48,069.95, comprising of $45,000 in statutory damages, $2,500 in attorneys' fees, $569.95 in costs, post-judgment interest at .70% per annum, and that Defendant be permanently enjoined from further infringing conduct.

Dated: November 2, 2017                     Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Nevada Bar No. 11158
HIGBEE & ASSOCIATES
6787 W. Tropicana Ave., Suite 206
Las Vegas, NV 89103
(714) 617-8325
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## DECLARATION OF MATHEW K. HIGBEE

I, Mathew K. Higbee, declare as follows:

1.      I am an attorney at law, duly admitted to practice before the Courts of the State of Nevada and the United States District Court for the District of Nevada. I have personal knowledge of the following facts, and, if called as a witness, I could and would competently testify thereto.

2.      I am the attorney for Plaintiff Michael Grecco Productions, Inc. d/b/a Michael Grecco Photography Inc. in the above captioned action.

3.      I make this Declaration in support of Plaintiff's Motion requesting that the Court enter judgment by default against Defendant Monica Dodge ("Defendant").

## FACTUAL BACKGROUND

4.      Defendant   is   the   owner   and   operator   of   the   website www.fashioniluminati.com.  Attached hereto as Exhibit A is a true and correct copy of the query results of the ICANN WHOIS database showing Defendant is the registered owner of www.fashioniluminati.com. I request that the Court take judicial notice of this document pursuant to Federal Rule of Evidence 201.

5.      Defendant's website earns advertising revenue by driving Internet traffic through fashion oriented content posted by Defendant.

6.      On or about June 13, 2017, Plaintiff discovered that its Image was

16

being utilized by Defendant in an effort to drive traffic to Defendant's website.

## PROCEDURAL BACKGROUND

7.      On September 1, 2017, Plaintiff filed a Complaint (Dkt. #1) alleging willful Copyright Infringement.

8.      On or about October 19, 2017, Defendant was personally served with the Complaint at her residence, and an executed proof of service was filed with the Court shortly thereafter as Docket Entry #7.

9.      On October 31, 2017, Plaintiff requested that the Clerk enter default against Defendant for failure to respond to the Complaint.

10.     On November 1, 2017, the Clerk entered Default against Defendant for failure to respond to the Complaint, as Docket entry #9.

11.     I am informed and believe the Defendant is not an infant or incompetent person.

12.     I am informed and believe the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply.

13.     I timely served Defendant with notice of this Default on November 2, 2017, by depositing the documents in the US Mail as indicated in the attached Proof of Service.

## DAMAGES

14.     Plaintiff has elected to recover statutory damages Section 504(c)(1) of

the Copyright Act, and requests that the Court award $45,000.

15.     As explained in the Motion, Plaintiff is not required to present evidence to justify the amount of statutory damages requested. Nonetheless, the requested amount of $45,000 is reasonable considering the licensing history of the Image in question.

16.     Plaintiff currently offers the Image for licensing through its website. Plaintiff currently charges $13,296 for a three-year editorial worldwide promotional license to be used on the web. Attached hereto as Exhibit B is a true and correct screenshot of Plaintiff's website, demonstrating the amount that would be charged to license the Image in a similar context to Defendant's infringing use. I request that the Court take judicial notice of this screenshot pursuant to Federal Rule of Evidence 201.

17.     Given the willful nature of the infringement, a statutory award of $45,000, or approximately three times the licensing value, would be sufficient to punish and deter future conduct.

## ATTORNEYS' FEES AND COSTS

18.     Finally, as the prevailing party, Plaintiff is entitled to an award of attorneys' fees and full costs under 17 U.S.C. § 505.

19.     My firm charges an hourly rate of $250 per hour. My firm has spent approximately 10 hours prosecuting this matter, for a total of $2,500.

20.     Additionally, my client has incurred costs of $569.95.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed this 2 November 2017, at Santa Ana, California,

/s/ ***Mathew K. Higbee***
Mathew K. Higbee, Esq.
*Counsel for Plaintiff*

# Exhibit "A"

简体中文    <u>English</u>    Français    Русский    Español    العربية    Portuguese

# ICANN WHOIS

| fashionilluminati.com | | Lookup |

*Showing results for: FASHIONILLUMINATI.COM*

Original Query: fashionilluminati.com

# Contact Information

## Registrant Contact

Name: Monica Dodge
Organization:
Mailing Address: 145 E Harmon Ave, Las Vegas Nevada 89109 US
Phone: +1.7025958869
Ext:
Fax:
Fax Ext:
Email:anicamartin2012@gmail.com

## Admin Contact

Name: Monica Dodge
Organization:
Mailing Address: 2700 s las vegas blvd, Las Vegas Nevada 89109 US
Phone: 7025958869
Ext:
Fax:
Fax Ext:
Email:anicamartin2012@gmail.com

## Tech Contact

Name: Monica Dodge
Organization:
Mailing Address: 2700 s las vegas blvd, Las Vegas Nevada 89109 US
Phone: 7025958869

Ext:
Fax:
Fax Ext:
Email:anicamartin2012@gmail.com

## Registrar

WHOIS Server: whois.godaddy.com
URL: http://www.godaddy.com
Registrar: GoDaddy.com, LLC
IANA ID: 146
Abuse Contact Email:abuse@godaddy.com
Abuse Contact Phone: +1.4806242505

## Status

Domain Status:clientTransferProhibited http://www.icann.org/epp#clientTransferProhibited
Domain Status:clientUpdateProhibited http://www.icann.org/epp#clientUpdateProhibited
Domain Status:clientRenewProhibited http://www.icann.org/epp#clientRenewProhibited
Domain Status:clientDeleteProhibited http://www.icann.org/epp#clientDeleteProhibited

## Important Dates

Updated Date: 2017-07-26
Created Date: 2013-07-25
Registrar Expiration Date: 2018-07-25

## Name Servers

NS6375.HOSTGATOR.COM
NS6376.HOSTGATOR.COM

## Raw WHOIS Record

```
Domain Name: FASHIONILLUMINATI.COM
Registry Domain ID: 1817475880_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Updated Date: 2017-07-26T13:06:55Z
Creation Date: 2013-07-25T09:56:39Z
Registrar Registration Expiration Date: 2018-07-25T09:56:39Z
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.4806242505
Domain Status: clientTransferProhibited
http://www.icann.org/epp#clientTransferProhibited
Domain Status: clientUpdateProhibited
http://www.icann.org/epp#clientUpdateProhibited
Domain Status: clientRenewProhibited
http://www.icann.org/epp#clientRenewProhibited
Domain Status: clientDeleteProhibited
http://www.icann.org/epp#clientDeleteProhibited
Registry Registrant ID: Not Available From Registry
Registrant Name: Monica Dodge
Registrant Organization:
Registrant Street: 145 E Harmon Ave
Registrant City: Las Vegas
Registrant State/Province: Nevada
Registrant Postal Code: 89109
Registrant Country: US
Registrant Phone: +1.7025958869
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: anicamartin2012@gmail.com
Registry Admin ID: Not Available From Registry
Admin Name: Monica Dodge
Admin Organization:
Admin Street: 2700 s las vegas blvd
Admin City: Las Vegas
Admin State/Province: Nevada
Admin Postal Code: 89109
Admin Country: US
Admin Phone: 7025958869
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: anicamartin2012@gmail.com
Registry Tech ID: Not Available From Registry
Tech Name: Monica Dodge
Tech Organization:
Tech Street: 2700 s las vegas blvd
Tech City: Las Vegas
Tech State/Province: Nevada
Tech Postal Code: 89109
Tech Country: US
Tech Phone: 7025958869
```

```
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: anicamartin2012@gmail.com
Name Server: NS6375.HOSTGATOR.COM
Name Server: NS6376.HOSTGATOR.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System:
http://wdprs.internic.net/
>>> Last update of WHOIS database: 2017-11-02T20:00:00Z <<<

For more information on Whois status codes, please visit
https://www.icann.org/resources/pages/epp-status-codes-2014-06-16-
en

The data contained in GoDaddy.com, LLC's WhoIs database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden
without the prior written
permission of GoDaddy.com, LLC.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In
particular,
you agree not to use this data to allow, enable, or otherwise make
possible,
dissemination or collection of this data, in part or in its
entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic
electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial
purposes.

Please note: the registrant of the domain name is specified
in the "registrant" section.  In most cases, GoDaddy.com, LLC
is not the registrant of domain names listed in this database.
```

**Submit a Complaint for WHOIS**
WHOIS Inaccuracy Complaint Form
WHOIS Service Complaint Form

WHOIS Compliance FAQs

NOTICE, DISCLAIMERS AND TERMS OF USE:

All results shown are captured from registries and/or registrars and are framed in real-time.  ICANN does not generate, collect, retain or store the results shown other than for the transitory duration necessary to show these results in response to real-time queries.*  These results are shown for the sole purpose of assisting you in obtaining information about domain name registration records and for no other purpose.  You agree to use this data only for lawful purposes and further agree not to use this data (i) to allow, enable, or otherwise support the transmission by email, telephone, or facsimile of mass unsolicited, commercial advertising, or (ii) to enable high volume, automated, electronic processes to collect or compile this data for any purpose, including without limitation mining this data for your own personal or commercial purposes.  ICANN reserves the right to restrict or terminate your access to the data if you fail to abide by these terms of use. ICANN reserves the right to modify these terms at any time.  By submitting a query, you agree to abide by these terms.

*  There is one exception:  ICANN acts as the registry operator for the .int TLD, and in that capacity it does collect, generate, retain and store information regarding registrations in the .int TLD.

© 2017 Internet Corporation for Assigned Names and Numbers    Privacy Policy

# Exhibit "B"



## DECLARATION OF RYAN E. CARREON

I, Ryan E. Carreon, declare as follows:

1.      I am an attorney at law, duly admitted to practice before the Courts of the State of California. I have personal knowledge of the following facts, and, if called as a witness, I could and would competently testify thereto.

2.      I am the attorney at the Law Firm of Higbee and Associates, which represents Plaintiff Michael Grecco Productions, Inc. d/b/a Michael Grecco Photography Inc. in the above captioned action.

3.      I make this Declaration in support of Plaintiff's Motion requesting that the Court enter judgment by default against Defendant Monica Dodge ("Defendant").

## FACTUAL BACKGROUND

4.      On September 11, 2017, I sent a courtesy copy of the Complaint to Defendant to the contact email address for Defendant listed on the ICANN WHOIS Registry. On or about October 11, 2017, I sent a second follow-up email reminding Defendant of the impending deadline to answer, and warning Defendant that default would be requested if Defendant failed to respond. A true and correct copy of my emails to Defendant is attached hereto as Exhibit C.

5.      On or about October 17, 2017, Defendant called my office, and I spoke with her on the telephone. Defendant stated that a process server had showed

20

up to her condo to deliver legal papers, and that she wished to discuss the case.

6.      I asked her where she took the Image from to use on her website, and Defendant stated that she "pulled the photo off of Google Images." I responded by pointing out that all images results on Google bear the disclaimer "images may be subject to copyright."

7.      During the conversation Defendant stated that she was "going to hire a lawyer" unless the case was dismissed, indicating to me that she was aware of the need to retain counsel to respond to the Complaint.

8.      Defendant also offered to provide me with website analytics information concerning her website's advertising revenue.

9.      After the conversation, I sent a follow up email. A true and correct copy of my email to Defendant is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed this 2 November 2017, at Santa Ana, California,

/s/ **_Ryan E. Carreon_**
Ryan E. Carreon

21

# Exhibit "C"

 **Gmail**

## 2:17-cv-02313

2 messages

---

**Ryan Carreon** <rcarreon@higbeeassociates.com>　　　　　　　　　　Mon, Sep 11, 2017 at 11:43 AM
To: anicamartin2012@gmail.com

Ms. Dodge,

I am an attorney at the Law Offices of Higbee & Associates. Please see the attached lawsuit which has been filed against you. My client wishes to resolve this amicably. However, failure to response may result in a default judgment being entered against you. Please contact me so that we can discuss settling this matter.

Best,
Ryan E. Carreon


**Ryan Carreon** - Associate Attorney, Copyright Division
*********************************************************
Law Offices of Higbee & Associates
http://www.HigbeeAssociates.com
1504 Brookhollow Dr. Suite 112
Santa Ana, CA. 92705
Phone: (714) 617-8300
Fax: (714) 597-6729
*********************************************************
The information contained in this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail or telephone and delete the original message.

 **20170901 CC Comlaint & Exhibits 503929.pdf**
3494K

---

**Ryan Carreon** <rcarreon@higbeeassociates.com>　　　　　　　　　　Wed, Oct 11, 2017 at 4:10 PM
To: Anica Martin <anicamartin2012@gmail.com>

Ms. Dodge,

I have been informed by my process server that the complaint has been served in this matter. Your answer is due to the court on October 30. Please contact my office to resolve this. If you are represented by legal counsel, please pass this correspondence on to your counsel and have them contact me directly. Failure to respond will result in a default judgment against you.

Ryan E. Carreon

**Ryan E. Carreon** - Associate Attorney, Copyright Division
*********************************************************
Law Offices of Higbee & Associates
http://www.HigbeeAssociates.com
1504 Brookhollow Dr. Suite 112
Santa Ana, CA. 92705
Phone: (714) 617-8300
Fax: (714) 597-6729
*********************************************************
The information contained in this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney-client communication and, as such, is privileged and

confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail or telephone and delete the original message.

[Quoted text hidden]

# Exhibit "D"



## Grecco v. Dodge

**Ryan Carreon** <rcarreon@higbeeassociates.com>                    Tue, Oct 17, 2017 at 5:44 PM
To: Anica Martin <anicamartin2012@gmail.com>

Ms. Dodge,

I just wanted to follow up on our phone conversation today. You stated that you found Mr. Grecco's image through a Google Image search, and used it on your website. You also stated that you would provide me with analytics showing the amount of users who visited the page on your site that contained Mr. Grecco's photo. I look forward to your email laying out your version of events and to reviewing the analytics information that your promised to provide.

Best,
Ryan

**Ryan E. Carreon** - Associate Attorney, Copyright Division
********************************************************
Law Offices of Higbee & Associates
http://www.HigbeeAssociates.com
1504 Brookhollow Dr. Suite 112
Santa Ana, CA. 92705
Phone: (714) 617-8300
Fax: (714) 597-6729
********************************************************
The information contained in this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail or telephone and delete the original message.

## CERTIFICATE OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action.

My business address is 1504 Brookhollow Dr., Ste 113, Santa Ana, California, 92705.

On November 2, 2017, I caused to be served the foregoing **Request for Entry of Default, Declaration of Mathew K. Higbee, and Proposed Entry of Default** on all parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

Monica Dodge
145 E. Harmon Ave. #24
Las Vegas, NV 89109

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by via the *CM/ECF* system. Participants in this case who are not registered with the *CM/ECF* system will be served by first-class mail or by other means permitted by the Court.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on November 2, 2017, at Santa Ana, California.

*/s/ Mathew K. Higbee*
Mathew K. Higbee, Esq.
*Counsel for Plaintiff*